**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CHYNNA RATNER,

    Plaintiff,

v.                                               Case No.: 8:18-cv-3037-T-24AAS

UNATION, INC., and GEORGE
BEARDSLEY,

    Defendants.
_____/

## **ORDER**[1]

The court granted Chynna Ratner's request for an award of attorney's fees under Fed. R. Civ. P. 37(a)(5).[2] (Doc. 16). Ms. Ratner now seeks an award of $2,175 in attorney's fees for 7.25 hours of attorney time at an hourly rate of $300. (Doc. 18). UNATION, Inc. and George Beardsley (collectively, the defendants) oppose the motion. (Doc. 20).

Upon review of the billing records, the court finds a reduction is necessary because the time entries contain block billing. (Doc. 18, Ex. A). In using block billing,

---

[1] Because attorney's fees were awarded on a discovery related matter, a report and recommendation is not necessary.

[2] Federal Rule of Civil Procedure 37(a)(5) states that if discovery is provided after a motion to compel is filed, the court must award the prevailing party reasonable expenses, including attorney's fees, incurred as a result of submitting the motion. Fed. R. Civ. P. 37(a)(5). Here, the defendants provided their verified interrogatory responses after Ms. Ratner moved to compel those responses, which were a month overdue when Ms. Ratner's counsel filed the motion to compel. (*See* Docs. 13, 14).

counsel listed several tasks in a single entry without specifying the time spent on each task. Within those tasks, there is clerical work, such as filing motions and preparing time records, which is not compensable at attorney rates. In addition, certain time entries contain general research that may be excessive depending on the time expended. The Eleventh Circuit has approved the use of an across-the-board reduction for block billed entries. *See Ceres Environmental Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 203 (11th Cir. 2012); *see also McBride v. Legacy Components, LLC*, No. 8:15-cv-1983-17TGW, 2018 WL 4381181, at *3 (M.D. Fla. Aug. 30, 2018) (reducing billable hours by 35% based on block billed time entries); *Oravec v. Sunny Isles Luxury Ventures L.C.*, No. 04-22780-CIV, 2010 WL 1302914, at *13 (S.D. Fla. March 30, 2010) (applying a 25% across-the-board reduction to block billed hours). Counsel's hours are reduced by 30%, to 5.1 hours, to account for the block billed entries and the non-compensable work.

Attorney Nicholas J. Castellano, II, requests an hourly rate of $300. (Doc. 16, Ex. B). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In addition, the court may consult its own experience. *Id.* at 1303. The party seeking attorney's fees bears the burden of establishing that the rate requested is reasonable. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam).

Considering the skill required for the motion to compel and its related filings, as well as counsel's four years of experience, Mr. Castellano's billing rate is reduced to a $250 per hour. *See, e.g.,* Payne v. River Rocks LLC, No. 6:15-cv-1727-ORL-40DCI, 2017 WL 976634, at *5 (M.D. Fla. Feb. 22, 2017) (finding $250 was a reasonable hourly rate in an FLSA case for an attorney who practiced labor and employment law for five years); *Cano v. Crab Addison, Inc.*, 6:16-cv-1023-Orl-40KRS, 2016 WL 6782773, at *2-3 (M.D. Fla. Oct. 28, 2016) (finding $250 was a reasonable hourly rate for attorney in FLSA case, who practiced law for four years).

Ms. Ratner's Motion for Attorney's Fees (Doc. 16) is **GRANTED in part and DENIED in part**. Ms. Ratner is awarded reasonable attorney's fees in the amount of $1,275, to be paid within thirty days from the date of this order.

**ORDERED** in Tampa, Florida on September 27, 2019.

*/s/ Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge